**UNITED STATES of America ex rel. Jefferson McLaughlin SNOW, Petitioner,**

v.

**PEOPLE OF the STATE OF ILLINOIS, Respondent.**

**No. 67 C 1174.**

United States District Court
N. D. Illinois, E. D.
May 26, 1969.

David S. Tatel, Chicago, Ill. for petitioner.

William J. Scott, Atty. Gen.. of State of Illinois, and John R. McClory, Asst. Atty. Gen. of the State of Illinois, Chicago, Ill., for respondent.

## FINDINGS OF FACT and CONCLUSIONS OF LAW

PERRY, District Judge.

This cause comes on upon the amended petition of petitioner, Jefferson McLaughlin Snow, for the issuance by this court of a writ of habeas corpus and for the discharge of petitioner from the custody of Frank J. Pate, Warden, Illinois State Penitentiary, Joliet-Stateville Branch.

The court has heretofore ordered the transcript of the trial below and said record has been presented in open court. The court has heard oral argument of counsel and has considered said record, including the testimony of petitioner in said record. Now, being fully advised in the premises, the court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Petitioner's claim that he made and signed a confession because of the use of and the threat to use physical force and torture is unfounded. Petitioner gave said statement to the then State's Attorney, John B. Anderson, of his own free will and at his own request.

2. Said State's Attorney, John B. Anderson, did not ask to or seek to interview the petitioner. On the contrary, the petitioner insisted that said prosecutor come and talk to him. Petitioner made no confession or statement against interest to any police officer or deputy sheriff prior to talking to State's Attorney John B. Anderson and, in fact, refused to discuss the charges against him with any police officers and deputy sheriffs and again requested that said State's Attorney come to see him.

3. Said State's Attorney did come to see the petitioner at petitioner's request and in the presence of two police officers, Mauritz Johnson and Delbert Peterson, held an interview with petitioner.

4. No request for an attorney was made by petitioner to State's Attorney John B. Anderson before petitioner made his statement to said State's Attorney or during the time he was making same.

5. Said statement was then and there reduced to writing and read and signed by petitioner; and at no time during that time did he request an attorney.

6. Petitioner was represented by competent and skillful counsel. Nowhere in the record of the trial below is it revealed that he raised any question about the petitioner not being informed of all his constitutional rights by State's Attorney John B. Anderson; and in the absence of such a charge this court will not set down a hearing to ascertain

whether such information was given to petitioner by said State's Attorney.

7. Petitioner never requested an opportunity to see an attorney nor did he raise any objection to said statement or confession until the case came on for trial some two months after he made said statement.

8. There was no mention of a request for a lawyer, or of a warning to defendant, or of the giving of information concerning his rights reflected in the record of the trial except in the testimony of petitioner out of the presence of the jury when he stated that he had asked for an attorney. This statement is contradicted by each of the officers to whom he testified he made such request.

9. Petitioner's testimony is unworthy of belief not only because of his past record of conviction for a felony but also based upon all of the facts and undisputed facts and circumstances surrounding the giving and signing of said statement by petitioner.

10. The court is unable to make a finding of fact as to whether any warning of the possible consequences of any statement was given by the State's Attorney, John B. Anderson, for the record does not reflect that the petitioner or his counsel asked any question of said prosecutor that would have brought out such facts.

## CONCLUSIONS OF LAW

1. The statement given by petitioner to the State's Attorney, John B. Anderson, and received in evidence was a voluntary statement and was given without any coercion, mental, psychological or physical. It was given upon the initiative and at the specific request of the petitioner.

2. No prosecutor or police officer is required to close his eyes or ears when a defendant seeks him out and voluntarily makes a statement or admission incriminating himself. Such law enforcing officer has no obligation to stop such defendant from making such admission or statement.

 3. In the absence of a charge by petitioner of any evidence to the contrary, this court presumes as a matter of law that State's Attorney John B. Anderson carried out his duties in a lawful manner and advised petitioner of his constitutional right to remain silent and to confer with an attorney before making any statement.

4. Petitioner was lawfully convicted. None of his constitutional rights were violated in his trial. He is not entitled to the issuance of a writ of habeas corpus and to discharge from custody.